# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

SOLV-EX CORPORATION, *et al.*,

        Plaintiffs,

vs.                                          CIV 99-003 MV/KBM

DEUTSCHE BANK AG, *et al.*,

        Defendants.

## MEMORANDUM OPINION AND ORDER GRANTING MOTION TO COMPEL RULE 26(A)(1) INITIAL DISCLOSURES

THIS MATTER came on for consideration of the Motion to Compel Rule 26(a)(1) Initial Disclosures filed by the "Short Seller Defendants" *(Doc. 158)*. The Court has reviewed the motion, the memoranda submitted by the parties and the relevant authorities. The Court finds that the motion is well taken and will be granted.

Plaintiffs seek over $800,000,000 in monetary damages against the Defendants. Rule 26(a)( 1)( C) of the Federal Rules of Civil Procedure mandates that within 10 days of the meeting required by Rule 26(f), a party must provide a computation of any category of damages claimed. Indeed, "damage computation material is so clearly relevant that the Federal Rules direct parties to produce such material without awaiting a discovery request." *Audiotext Communications Network, Inc. v. US Telecom*, 1995 WL 625962 at *14 n.5 (D. Kan. Oct. 5, 1995).

At the Rule 16 Conference, Defendants argued that Plaintiffs had failed to make the necessary computation of damages disclosures. Magistrate Judge Lorenzo F. Garcia ordered Plaintiffs' counsel to "supplement your disclosure on damages, expanding on your contentions, showing the categories, if you are offering figures, demonstrating the methodology and how you arrived at them, understanding that is not a final figure." Transcript of Rule 16 Conference of April 27, 1997 at 88:13 to 8:18.

Plaintiffs' May 5, 1999 Amended Initial Disclosures do little more than state with more particularity the various "categories" of damages. Even for those categories in which Plaintiffs have indicated a damages "figure" or "amount," one can only guess how those amounts were calculated. I find that Plaintiffs have failed to comply with Judge Garcia's directions to include the methodology used for calculating the damages in each identified category.

True, Plaintiffs are not required in their initial disclosures to create an economic expert report ascertaining damages with dollar precision. In fact, the damages figures may differ significantly from the beginning to the end of litigation. Yet damages figures and their methodology of calculation provide information necessary not only for preparation of a defense, but more importantly at this point, for focusing the scope of discovery.

Additionally, Rule 26(a)(1)(C) specifically requires that the disclosing party make available for inspection or copying the evidentiary material "on which such computation is based." A party may possess many documents relevant to damages, other than those upon which it makes its computation. If they are outside the scope of initial disclosures, opposing parties may nevertheless obtain them through discovery. If Plaintiffs use a document in calculating damages for their initial disclosures, it must be made available to the opposing parties.

Wherefore,

I IS HEREBY ORDERED that the Motion to Compel Rule 26(a)(1) Initial Disclosures filed by the "Short Seller Defendants" *(Doc. 158)* be, and hereby is, **granted.** Within 15 calendar days of this Order, Plaintiffs shall provide to the defendants a damages estimate and the methodology used for calculating the estimated damages figure for each of the categories of damages listed in their Amended Initial Disclosures.

IT IS FURTHER ORDERED that Plaintiffs fully comply with Rule 26(a)(1)(C) as to providing defendants with the evidentiary material on which such computations are based.

_____
**UNITED STATES MAGISTRATE JUDGE**